NATALIE BRAILEY
v.
WENDY'S INTERNATIONAL, INC.
No. 08-220
Court of Appeal of Louisiana, Third Circuit.
December 10, 2008.
NOT DESIGNATED FOR PUBLICATION
KEVIN WADE TRAHAN, OTTINGER, HEBERT, et al. Counsel for Plaintiff Appellee: Natalie Brailey
TROY JOHN CHARPENTIER, KEAN, MILLER, et al. Counsel for Defendant Appellant: Wendy's International, Inc.
Court composed of COOKS, PAINTER, and ROY, Judges.
J. ROY, Pro Tempore Judge.[1]
In this case, the defendant, Wendy's International, Inc., appeals the trial court's finding in favor of the plaintiff, Natalie Brailey. Brailey also appeals urging that the general damages award was insufficient. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Brailey filed suit in July 2003, claiming that upon biting into a chicken sandwich purchased from a Wendy's restaurant in Abbeville, she encountered a chicken bone which resulted in the fracture of her tooth. Approximately two weeks later, Brailey underwent a root canal on the tooth. Following a bench trial in September 2007, the trial court awarded Brailey general damages in the amount of $7,500, lost wages in the amount of $320, medical expenses in the amount of $1,282, and various costs associated with her claim. Wendy's now appeals. Brailey answered the appeal and requests and increase in her general damage award.

ISSUE
Wendy's assigns as error:
1. The trial court's finding that it was liable for Brailey's injuries based solely on the common law "foreign/natural" and "reasonable expectation" tests which the Louisiana Supreme Court specifically refused to adopt as Louisiana law.

DISCUSSION
Brailey testified that on February 13, 2003, she went to the Abbeville Wendy's for lunch and ordered a hot and spicy chicken sandwich. She stated that when she bit into her chicken filet sandwich she could feel a gap in her tooth and that her tooth thereafter fell out. Brailey identified the half-inch chicken bone which was submitted into evidence. She testified that she made an appointment with her dentist and that, although she was not in constant pain, the tooth was sensitive to heat and cold and she had a lot of anxiety about going to the dentist. She said that she took over the counter pain relief medications. Brailey said her regular dentist referred her to a specialist, Dr. Gaubert, whom she saw on February 26, 2003.
Brailey testified that Dr. Gaubert performed a root canal and applied local anaesthetic via injections. She stated that she followed up with her regular dentist, Dr. Landry, who put a crown on the tooth. She said that she has not had any problems with her tooth since that time.
Brailey testified that she frequented the Wendy's once or twice a week since it opened approximately four years ago and that she always ordered the same thing-the hot and spicy chicken sandwich. She stated that she expected the chicken filet sandwich to be boneless. Brailey further said that the bone was embedded in the chicken breast.
Pinkie Willis, Brailey's co-worker, testified that they routinely ate lunch at Wendy's. She described the events as Brailey did. She further stated that Brailey was so anxious about her dental appointment that she said that she would rather "see the gynecologist instead of the dentist."
Frank Touchet, the general manager of Wendy's at the time of the incident, testified that the sandwich is supposed to be boneless. He stated that there is a reasonable expectation that the there should be no bones in the sandwich. He further testified that the patties arrive frozen in a box with the Wendy's logo and that they do not perform an inspection of the patties.
Touchet further testified that the frozen pre-packed and breaded patties come six bags to the case. The frozen patty is removed from the freezer and deep fried for six minutes after which it is placed in a holding dryer for no more than one hour. Touchet said that the spicy chicken filet is a solid chicken breast and not ground up pieces of meat. He further stated that in order to detect if a bone was inside the patty, the employers would have to destroy the patty. He stated that preparation of the spicy chicken sandwiches has remained the same following this incident.
At the conclusion of the trial, the trial court stated:
The court finds that the chicken bone and chicken patty once processed  that has been processed is not foreign  not natural and, of course, one wold not expect to find a chicken bone in a otherwise fileted chicken patty. So, again, the plaintiff met their burden and the Court will make the award as announced.
We will not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. Though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id. "Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Stobart v. State Through DOTD, 617 So.2d 880, 883 (La.1993). "[T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." Id. at 882.
In Porteous v. St. Ann's Cafe & Deli, 97-0837 (La. 5/29/98), 713 So.2d 454, the supreme court rejected the long-standing "foreign-natural" test employed by the courts in favor of a traditional duty/risk analysis under La.Civ.Code arts. 2315 and 2316. The court detailed the duty owed by a restaurant owner to provide food free of injurious substances as follows: "A food provider, in selecting, preparing and cooking food, including the removal of injurious substances, has a duty to act as would a reasonably prudent man skilled in the culinary art in the selection and preparation of food." Porteous, 713 at 457 (citation omitted). In determining whether a duty has been breached, the supreme court stated that "the court should consider, among other things, whether the injurious substance was natural to the food served and whether the customer would reasonably expect to find such a substance in the particular type of food served." Id.
Having reviewed the record and the evidence we cannot say that the trial court erred in finding that Wendy's breached it duty to Brailey. It is reasonable to find that a processed boneless chicken patty is not in its natural state and, therefore, one does have a reasonable expectation that she will not find a bone in the patty. Moreover, the Wendy's manager made it clear that one would not expect to find a chicken bone in a processed patty advertised as "boneless." Accordingly, this assignment of error is without merit.

GENERAL DAMAGES
Brailey asserts that her general damage award should be increased and that similar injuries garnered awards in the rage from $5,000 to $22,000. The trial court awarded Brailey $7,500 in general damages. Based on the facts and circumstances of this case, we find the trial court did not abuse its vast discretion in rendering this award. See Coco v. Winston Indus., Inc., 341 So.2d 332 (La.1976), and Bellard v. Am. Cent. Ins. Co., 07-1335 (La. 4/18/08), 980 So.2d 654. Accordingly, we decline to increase Brailey's general damage award.

CONCLUSION
The judgment of the trial court in favor of the plaintiff-appellee, Natalie Brailey, is affirmed. All costs of this appeal are assessed against the defendant-appellant, Wendy's International, Inc.
AFFIRMED.
NOTES
[1] Judge Chris J. Roy, Sr. appointed judge pro tempore of the Court of Appeal, Third Circuit.